IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-03065-01-CR-S-ODS |
| | ) | |
| MATTHEW O'DELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTIONS TO DISMISS

On April 12, 2011, the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, issued his Report recommending that Defendant's motions to dismiss be denied. Defendant filed an objection. The Court has reviewed the Record de novo; having done so, the Court overrules Defendant's objections, adopts Judge England's Report and Recommendation as the Order of the Court, and denies the motions to suppress.

Only a brief recitation of the background is necessary to resolve the issues raised in Defendant's objections. Defendant was under investigation on charges of contacting a minor on the computer in order to arrange for sex. At the time, Defendant was working at a YMCA camp as a supervisor. Warrants were obtained to search his room at the camp and a storage locker he had rented. Defendant's motions challenged these searches, contending they were preceded by warrantless searches of the same locations, the warrants were not supported by probable cause, and information known to be false and misleading had been used to procure the warrants. These contentions were addressed fully in Judge England's Report, and while Defendant's Objections preserve "all arguments and facts set forth in his original motions and presented at the hearing," he does not specifically discuss any of these issues. The Court adopts Judge England's Report as its Order on these issues, and further holds that further discussion of these issues is not warranted.

Defendant raises an argument that was not clearly raised or discussed in Judge England's Report. He contends that officers "seized" his cabin at the YMCA camp while a warrant was procured, effectively prohibiting anyone from entering. Judge England's Report confirms this sequence of events. Report and Recommendation at 10-11. However, this does not affect the constitutionality of the subsequent search, conducted after the warrant was issued. "Recognizing the generally less intrusive nature of a seizure, the Court has frequently approved warrantless of seizures of property, on the basis of probable cause, for the time necessary to secure a warrant, where a warrantless search was either held to be or likely would have been held impermissible." Segura v. United States, 468 U.S. 796, 806 (1984). In fact, the Supreme Court has been unable to find a case in which it "has held unlawful a temporary seizure that was supported by probable cause and was designed to prevent the loss of evidence while the police diligently obtained a warrant in a reasonable period of time." Illinois v. McArthur, 531 U.S. 326, 334 (2001).

The Record persuades the Court that law enforcement officials had probable cause to believe evidence of a crime would be found in Defendant's cabin. It was known that Defendant had a computer in his cabin and that he told the minor he was contacting via computer that he was at the YMCA camp. Law enforcement secured the premises to preserve the computer (or, more precisely, the information it contained), and did so only for the time necessary to actually obtain the warrant. Suppression of the evidence is not justified.

Defendant's objections are overruled, and the motions to suppress are denied.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 10, 2011                UNITED STATES DISTRICT COURT